IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LAKEITH AMIR-SHARIF            §
                              §
            Plaintiff,        §
                              §
VS.                           §          NO. 3-07-CV-0311-L
                              §
DALLAS COUNTY JAIL, ET AL.    §
                              §
            Defendants.       §

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* prisoner civil rights action brought by Lakeith Amir-Sharif challenging the conditions of his confinement at the Dallas County Jail. On February 16, 2007, plaintiff tendered a form civil rights complaint to the district clerk and filed an application to proceed *in forma pauperis*. Thereafter, on May 4, 2007, the court sent written interrogatories to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff was warned that the failure to answer the interrogatories within 20 days "may result in the dismissal of the complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." Within days of receiving the interrogatories, plaintiff sought a 55-day extension of time to file his answers. Noting plaintiff's propensity for filing frivolous lawsuits, the court determined that his complaint should be screened on an expedited basis and denied the motion for extension of time. In its order, the court warned plaintiff that "this case

may be dismissed without further notice" if he fails to file verified interrogatory answers by May 24, 2007. *See* Order, 5/8/07. To date, the interrogatories remain unanswered. The court now concludes that this case should be dismissed *with prejudice* pursuant to Fed. R. Civ. P. 41(b).

## II.

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Plaintiff has not answered the court's interrogatories despite repeated warnings that his failure to do so would result in the dismissal of the case. The court must obtain additional information about the factual basis of this suit in order to screen the complaint and determine whether process should be issued to the defendants. The inability to proceed with this litigation is directly attributable to plaintiff's failure to provide the information requested.

In addition, the court notes that plaintiff has a long history of burdening the judicial system with frivolous lawsuits. During the past 16 months, plaintiff has filed a total of 17 cases in Dallas federal court. Seven of those cases were summarily dismissed on initial screening. *Amir-Sharif v. Dallas Co., Tex.*, No. 3-06-CV-0081 (N.D. Tex. Sept. 1, 2006); *Amir-Sharif v. Dallas Co. Public*

*Defender's Office*, No. 3-06-CV-1038 (N.D. Tex. Oct. 5, 2006), *appeal dism'd and sanctions warning issued*, No. 06-11147, 2007 WL 1541325 (5th Cir. May 24, 2007); *Amir-Sharif v. Sweet*, No. 3-06-CV-2127 (N.D. Tex. Apr. 26, 2007); *Amir-Sharif v. Dallas Tex. Sheriff's Dept.*, No. 3-06-CV-2268 (N.D. Tex. Apr. 25, 2007); *Amir-Sharif v. District Attorney's Office*, No. 3-06-CV-2277 (N.D. Tex. Feb. 21, 2007); *Amir-Sharif v. Commissioners of Dallas, Tex.*, No. 3-07-CV-0175 (N.D. Tex. Apr. 17, 2007); *Amir-Sharif v. UTMB*, No. 3-07-CV-0176 (N.D. Tex. Apr. 30, 2007). Two other cases were dismissed on summary judgment or for failure to state a claim. *Amir-Sharif v. Dallas Co., Tex.*, No. 3-06-CV-0143 (N.D. Tex. May 1, 2007); *Amir-Sharif v. Gonzalez*, No. 3-06-CV-2269 (N.D. Tex. Apr. 30, 2007).[1]  On multiple occasions in those other cases, plaintiff has requested and obtained extensions of time to answer interrogatories, file responsive pleadings, or object to recommendations by the magistrate judge, all of which has delayed the disposition of those cases. *See, e.g. Amir-Sharif v. Dallas Co., Tex.*, No. 3-06-CV-0143 (N.D. Tex. Mar. 28, 2006) (granting extension of time to answer interrogatories); *Amir-Sharif v. UTMB*, No. 3-07-CV-0176 (N.D. Tex. Mar. 27, 2007) (granting extension of time to file objections to magistrate judge's recommendation); *Amir-Sharif v. Jones*, No. 3-06-CV-2270 (N.D. Tex. Apr. 9, 2007) (granting extension of time to file response to motion to dismiss).  By denying plaintiff's motion for extension of time to answer the interrogatories in this case, the court put plaintiff on notice that his delaying tactics would no longer be tolerated.  In view of plaintiff's conduct in this and other cases, the court determines that a dismissal *with prejudice* is warranted. *See Smith v. TDCJ*, 79 Fed. Appx. 61, 2003 WL 22426945 (5th Cir. Oct. 22, 2003) (affirming dismissal with prejudice where prisoner had ability

---

[1] Eight more cases, including this one, are currently pending. *Amir-Sharif v. Valdez*, No. 3-06-CV-0408 (N.D. Tex., filed Mar. 6, 2006); *Amir-Sharif v. Howell*, No. 3-06-CV-1901 (N.D. Tex., filed Oct. 13, 2006); *Amir-Sharif v. Valdez*, No. 3-06-CV-2258 (N.D. Tex., filed Dec. 7, 2006); *Amir-Sharif v. Jones*, No. 3-06-CV-2270 (N.D. Tex., filed Dec. 8, 2006); *Amir-Sharif v. Clayton*, No. 3-07-CV-0134 (N.D. Tex., filed Jan. 22, 2007); *Amir-Sharif v. Martin*, No. 3-07-CV-0309 (N.D. Tex., filed Feb. 16, 2007); *Amir-Sharif v. Dallas Co. Jail SRT Unit*, No. 3-07-CV-0310 (N.D. Tex., filed Feb. 16, 2007); *Amir-Sharif v. Dallas Co. Jail*, No. 3-07-CV-0311 (N.D. Tex., filed Feb. 16, 2007).

to file pleadings and contact court, but failed to comply with an order requiring him to file an amended complaint on a proper form).

## **RECOMMENDATION**

Plaintiff's complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 31, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE